**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 95-60547
(Summary Calendar)

LORI LEBLANC,

Plaintiff-Appellant,

versus

SHIRLEY S. CHATER,
Commissioner of Social Security,

Defendant-Appellee.

Appeal from United States District Court
for the Southern District of Mississippi
(4:95CV9LN)

March 21, 1996

Before JOLLY, JONES  and STEWART, Circuit Judges.

PER CURIAM:[*]

Lori LeBlanc appeals the district court's judgment, which adopted the magistrate judge's decision that substantial evidence supported the denial of LeBlanc's request for disability insurance benefits.  The administrative law judge (ALJ) found that LeBlanc had not engaged in substantial gainful activity since January 4, 1993 and was not disabled within the meaning of the Social Security Act because her seizure disorder, arteriovenous malformation (AVM), and complaints of fatigue, headaches, and tingling noises in her ears did not constitute a severe impairment.  LeBlanc challenges the legal standard which the ALJ used to reach the conclusion regarding her impairment.  Finding that the ALJ employed the correct legal standard and agreeing that substantial evidence supports the ALJ's decisions, we affirm the district court's judgment.

**FACTS**

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Lori LeBlanc, born July 25, 1961, is a single mother, has a tenth-grade education, and last worked as a sewing machine operator. LeBlanc applied for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. She alleged that she became disabled as of September 21, 1987, based on a brain aneurysm. Her application was disapproved initially and on reconsideration because LeBlanc was working and earning more than $500 per month at the time she filed the application. LeBlanc requested and received a hearing before an administrative law judge (ALJ).

At the first step of the analysis, the ALJ determined that LeBlanc had not engaged in substantial gainful activity since January 4, 1993. However, at step two, the ALJ found that LeBlanc was not disabled within the meaning of the Social Security Act because her seizure disorder, arteriovenous malformation (AVM), and complaints of fatigue, headaches, and tingling noises in her ears did not constitute a severe impairment. The Appeals Council denied LeBlanc's request for a review of the ALJ's decision, and LeBlanc sought review in the district court.

The magistrate judge determined that the decision of the Commissioner was supported by substantial evidence and recommended that the district court affirm the decision. Upon LeBlanc's objections to the magistrate judge's report, the district court reviewed the record and adopted the magistrate judge's report as the opinion of the district court. LeBlanc filed a timely notice of appeal.

## DISCUSSION

"This Court limits its review of a denial of disability insurance benefits to two issues: (1) whether the Secretary applied the proper legal standards, and (2) whether the Secretary's decision is supported by substantial evidence on the record as a whole." Anthony v. Sullivan, 954 F.2d 289, 292 (5th Cir. 1992). Evidence is considered "substantial" when it allows a reasonable person to accept the evidence as adequate to support a conclusion. See Cook v. Heckler, 750 F.2d 391, 393 (5th Cir. 1985). The claimant bears the burden of showing that she is disabled within the meaning of the Social Security Act. Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991).

2

There is a five-step sequential process to determine whether a claimant is disabled:

1) Claimant is not presently working;
2) Claimant's ability to work is significantly limited by a physical or mental impairment or combination of impairments;
3) Claimant's impairment meets or equals an impairment listed in the appendix to the regulations (if so, disability is automatic);
4) Impairment prevents claimant from doing past relevant work;
5) Claimant cannot perform any other work.

Id.; 20 C.F.R. § 404.1520. "A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." Lovelace v. Bowen, 813 F.2d 55, 58 (5th Cir. 1987).

LeBlanc does not dispute the application of the sequential steps per se. She argues that the Commissioner applied an incorrect legal standard in determining that her impairment is not severe and that the decision is not supported by substantial evidence. LeBlanc contends that she suffers from more than a slight abnormality, that the medical evidence corroborates her assertions of pain, and that the ALJ erred in finding that her testimony at the hearing was not credible.

### A. *Legal Standard For Determining Disability.*

This Court has set out the correct legal standard for determining whether an impairment is severe: "an impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." Stone v. Heckler, 752 F.2d 1099, 1101 (5th Cir. 1985). The court held that it will be assumed that the wrong standard was applied "unless the correct standard is set forth by reference to this opinion or another of the same effect, or by an express statement that the construction [this court] give[s] to 20 C.F.R. § 404.1520(c) is used." Id. at 1106; see also Anthony, 954 F.2d at 294-95 (holding that the Supreme Court's decision in Bowen v. Yuckert, 482 U.S. 137 (1987) did not alter the standard announced in Stone).[1]

---

[1]The standard under 20 C.F.R. § 404.1520(c) provides that an impairment is not severe if it does not "significantly limit[] [the claimant's] physical or mental ability to do basic work activities." See also Hampton, 785 F.2d at 1311.

The record indicates that the ALJ did not expressly state that LeBlanc was not under a disability as defined in Stone. The ALJ cited 20 C.F.R. §§ 404.1520(c) and 416.920(c) but did not indicate if he used the "slight impairment" construction which Stone gives to the regulations. See Hampton v. Bowen, 785 F.2d 1308, 1311 (5th Cir. 1986). In this case, the medical evidence raises a question of whether a remand in light of the "slight impairment" standard would be a waste of judicial resources. See id. ("A case will not be remanded simply because the ALJ did not use `magic words.'"). We conclude that where the evidence supports the ALJ's findings under either standard, it is imprudent to remand solely for the district court to chant the magical "slight impairment" incantation in its opinion. The result will not change and neither the court nor the parties benefit from this mechanical act. On the other hand, if the record is not clear, or if there is any doubt whether the evidence can satisfy both standards, remand is appropriate and necessary. Therefore, we hold that where the record in a disability insurance case clearly establishes that both the Stone and CFR standard is satisfied, remand is not necessary even though the district court's decision fails to expressly articulate the "slight impairment" standard established in Stone.

**B.** *Substantial Evidence.*

The issue remaining before us is whether LeBlanc's record contains substantial evidence that satisfies both standards. "If the [Commissioner's] findings are supported by substantial evidence, they are conclusive and must be affirmed." Anthony, 954 F.2d at 295. "Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." Id. The determination of the severity of the impairment may be based on substantial medical evidence alone. See Lofton v. Schweiker, 653 F.2d 215, 217-18 (5th Cir.), cert. denied, 454 U.S. 1089 (1981). "A medical condition that can reasonably be remedied either by surgery, treatment, or medication is not disabling." Lovelace, 813 F.2d at 59. It is the task of the ALJ to resolve conflicts in the evidence and to make credibility determinations. Id.

4

We find that the ALJ's decision, using the CFR standard, was supported by substantial medical evidence that LeBlanc's condition was remedied by medication. The ALJ considered LeBlanc's medical records and witness testimony at the hearing. The medical evidence reflects that LeBlanc had been diagnosed in 1987 with a seizure disorder and an AVM of the parietal lobe. The seizure disorder was treated with Tegretol and Phenobarbital, and LeBlanc reported no seizure activity through January 1990.

LeBlanc became pregnant and, because of her seizure disorder and AVM, elected a Cesarean section for the delivery of a healthy male infant in August 1990. Throughout the pregnancy, LeBlanc reported no seizures. She suffered from headaches, but she chose not to use potent medication because she was pregnant. During follow-up examinations, LeBlanc complained of mild fatigue, but she had no seizure activity and no problems with the Tegretol and Phenobarbital.

LeBlanc quit her job in January 1993 because she claimed that she was regularly experiencing headaches and a ringing noise in her ears. LeBlanc's doctor had informed her that the ringing was a sign that LeBlanc would have a seizure if she did not cease the activity and calm down. LeBlanc's doctor did not order her to cease employment activity; she took this action on her own. There is no evidence in the record showing that LeBlanc attempted to obtain less stressful employment.

After leaving her job in 1993, LeBlanc visited her physician in March and October 1993. She reported that she continued to take her medication and that she had not experienced seizure activity. Testimony at the hearing and a background questionnaire indicate that LeBlanc cared for her young child and that she was able to drive. We conclude that the ALJ's decision is supported by the record.

We also find no error with the conclusion that LeBlanc exaggerated her condition because we agree that the evidence and testimony contradict LeBlanc's claims. The frequency of LeBlanc's headaches has diminished while she has taken her medication. At the hearing LeBlanc admitted that she had not had a migraine in eight months and had only two headaches in the previous six month

5

period.  This coupled with evidence that during her pregnancy she entirely discontinued the medication without experiencing seizures proves that LeBlanc's impairment is not severe.

Likewise, we find that the record equally supports the ALJ's conclusions using the "slight impairment" standard articulated by this court in <u>Stone</u>.  The testimony and medical evidence establish that LeBlanc's condition is merely a slight abnormality that has not interfered with her ability to work.  Since LeBlanc began taking Tegretol and Phenobarbital, she has not experienced *any* seizure activity.  LeBlanc has been able to give birth, provide child care, drive, and work without experiencing seizures.  We are convinced that if LeBlanc takes the medication as prescribed, the medication will continue to minimize her headaches, migraines, and fatigue.  There is nothing in the record indicating that LeBlanc has had difficulty obtaining her medication.  We find that LeBlanc's impairment, which has been readily treatable with medication, does not constitute a "disability;" it is only a slight impairment as defined in <u>Stone</u>.[2]

We can only conclude that upon remand the district court's conclusion would remain the same after expressly citing and applying the <u>Stone</u> standard.  Under these circumstances, remand is not necessary.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

[2] We need not address LeBlanc's assertion that the ALJ erred in its credibility determinations because we are not permitted to reweigh the evidence.  <u>See</u> <u>Anthony</u>, 954 F.2d at 295.  Equally unavailing is LeBlanc's argument that the ALJ erred in failing to elicit the testimony of a vocational expert.  The ALJ need not address each of the five steps in the sequential evaluation process after determining that the claimant is not disabled.  <u>See</u> <u>Lovelace</u>, 813 F.2d at 58.